

U.S. Department of Justice

*United States Attorney*
*Western District of New York*

*100 State Street, Suite 500*  *585/263-6760*
*Rochester, New York 14614*  *fax 585/399-3980*
*Writer's Telephone:  585/399-3945*
*Robert.Marangola@usdoj.gov*

July 10, 2025

**VIA E-FILE ONLY**

Bryan Scott Oathout, Esq.
Law Office of Bryan Oathout New York
45 Exchange Blvd., Suite 260
Rochester, NY 14614

Re:  **United States v. Gary Fuller**
     **25-CR-6083-FPG-CDH**

Dear Mr. Oathout:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and in the spirit of voluntary discovery, I have previously provided to you and/or prior counsel discovery on January 25, 2024, March 13, 2024, April 19, 2024, April 26, 2024, May 7, 2024, June 7, 2024, July 8, 2024, July 17, 2024, and May 27, 2025.

Pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, I hereby advise that it is my intention to use the documents, recordings, materials and items of physical evidence referred to in this letter and contained in the discovery referenced above. Specifically, it is the government's intention to use items, including but not limited to, any and all property, reports, physical evidence, GPS data, cell phone records/extractions, photographs, audio/video recordings, and observations relating to incidents and items referred to in the discovery, including the execution of the search warrants and analysis of evidence seized at, among other places in Monroe County, 86 Forester Street, 88 Forester Street, 19 Angle Street, 49 Angle Street, 69 Angle Street, 96 Angle Street, 186 Mobile Drive, 181 Rossiter Road, 245 Saratoga Avenue, 218 Privet Way, 423 Murray Street, and 656 Jefferson Avenue on January 12 and/or January 17, 2024. The government also intends to offer video recordings of the statements to law enforcement made by the defendant on the day of his arrest and March 20, 2023 which are memorialized in police reports and/or video recordings from body worn cameras and cameras at the Public Safety Building that have been provided. I am not aware of any other statements within the contemplation of Rules 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure, other than those which have been provided.

A copy of the defendant's criminal history has been provided pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure.

For the items of evidence that have been submitted for tests and/or examinations within the contemplation of Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure and for which reports have been generated, you have been provided such reports. If there are additional tests/examinations within the contemplation of Rule 16(a)(1)(F), I will forward a copy of any report to you as soon as it is available. Notes which underlie any tests, the final report of which has or will be provided, shall be available for inspection.

The government does not intend to introduce evidence of any identification procedure involving the defendant.

The defendant is an "aggrieved person" as defined by 18 U.S.C. § 2510(11) of electronic surveillance. All of the recordings of your client intercepted pursuant to the eavesdropping warrants in the case, as well as the eavesdropping warrants and applications, have been provided. Additionally, to the extent that any transcripts have been completed, they have also been provided. The surveillance reports describing observations of your client have also been provided.

Counsel for the United States will provide timely notice of intent to use evidence as contemplated by Rules 404, 608 or 609 of the Federal Rules of Criminal Procedure.

Please do not hesitate to contact me with any questions or concerns or otherwise to review any of the referenced items.

    Very truly yours,

    MICHAEL DIGIACOMO
    United States Attorney

    *s/Robert A. Marangola*

BY:    ROBERT A. MARANGOLA
    Assistant United States Attorney

RAM/ams