UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                         Plaintiff,

      v.

TIMOTHY JACKSON, JR.,

                         Defendant.
_____

**AMENDED SCHEDULING ORDER**

25-CR-6083 FPG

Pursuant to a motion for an extension of time to file motions (Dkt. 235) having been filed, requesting an extension of this Court's May 28, 2025, scheduling order (Dkt. 231), and the government having no objections, it is hereby ORDERED,

**I. <u>Scheduling Order</u>**

(1) All pretrial motions, both dispositive and non-dispositive, shall be filed by August 29, 2025. Defense motions should be filed in accordance with Part II of this Order.

(2) All responses to pretrial motions filed in accordance with the preceding paragraph shall be filed by September 29, 2025.

(3) Oral argument on any pretrial motions will be held on October 16, 2025, at 1:00 p.m.

**II. <u>Motion Papers</u>**

(1) Defense counsel need not move for disclosure of evidence which has already been ordered disclosed under the terms of this Order.

(2)   With respect to motions to suppress, defense counsel is advised that "boilerplate" motion papers, devoid of facts, seeking suppression of unspecified evidence or asserting generic claims of constitutional violations may be rejected by this Court. The Sixth Amendment does not require counsel to file a suppression motion in every case merely to vindicate their professional competence without regard for the grounds supporting such motions. *See United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987) ("It is sufficient that counsel exercised professional discretion in deciding whether there are sufficient grounds to file a [suppression] motion" (quotation omitted)). Accordingly, motions to suppress must allege facts with sufficient detail and definiteness to allow this Court to conclude that issues of fact or law exist which require the Court to consider the suppression motion or hold a fact-finding hearing to resolve disputed factual issues. For example, with respect to alleged Fourth Amendment violations the motion papers must provide facts sufficient for this Court to conclude that the defendant had a cognizable expectation of privacy in the place searched. Failure to make such a showing risks denial of the suppression motion without a hearing. *See United States v. Ruggiero*, 824 F. Supp. 379, 393-94 (S.D.N.Y. 1993), *aff'd*, 44 F.3d 1102 (2d Cir. 1995). All counsel are reminded of their continuing duty to disclose discovery material pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure.

### III.   Speedy Trial Exclusion Order

Defense counsel and government counsel have made a joint motion to exclude the period of time from the date of this order until the date motions are filed from the

speedy trial clock. The Court finds that an exclusion of time between the date of this order and the motion filing deadline is warranted in the interests of justice under 18 U.S.C. § 3161(h)(7) in order to afford the defendant sufficient time to prepare pretrial motions based upon the nature of the case and the need to afford the defendant effective assistance of counsel. The Court further finds that the ends of justice served by an exclusion of time for such purpose outweigh the interests of the defendant and the public in a speedy trial. Therefore, the time period from today until the date motions are due to be filed is excluded under 18 U.S.C. § 3161(h)(7).

If no motions are filed by the filing date set forth in paragraph (2), the case shall be referred to the district court judge to whom the case is assigned for trial and the speedy trial exclusion set forth above shall terminate as of that date. Failure by any party to raise defenses or objections, or to make requests which must be made prior to trial at the time set forth in this scheduling order or prior to any extension made by the Court, shall constitute a waiver thereof. *See* Fed. R. Crim. P. 12(f).

**SO ORDERED.**

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
      July 11, 2025