

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*100 State Street, Suite 500*     *585/263-6760*
*Rochester, New York 14614*     *fax 585/399-3920*
     *Writer's Telephone:  585/399-3980*
     *Robert.Marangola@usdoj.gov*

November 20, 2025

Hon. Colleen D. Holland
United States Magistrate Judge
United States Courthouse, 1st Floor
100 State Street
Rochester, New York 14614

Re:   **United States v. Timothy Jackson, Jr.**
      **25-CR-6083-FPG-CDH**

Dear Judge Holland:

I submit this letter on behalf of the government in response to: (1) Mr. Verrillo's letter filed November 6, 2025 on behalf of defendant Timothy Jackson, Jr. (Dkt. 248), and (2) Jackson's Amended Declaration filed November 19, 2025 (Dkt. 249).

## Standing

The government no longer objects to the defendant's standing to challenge the search of the 2017 Chevy Tahoe. Moreover, to the extent he challenges the wiretap, the government does not interpose a standing objection, as the defendant was a named interceptee on the wiretap applications.

## Probable Cause

The supplemental letter submission in large part merely repeats conclusory statements and/or contains unexplained citations to various law enforcement applications (Dkt. 248, pp.1-3). Therefore, the government relies on its prior responses concerning probable cause, and in particular the case law upholding probable cause supported by a trained and experienced investigator's opinion that narcotics traffickers maintain evidence of their crimes in their residences. *See* Dkt. 243, pp.15-20.

To the extent Jackson challenges the searches of any cell phone (Dkt. 248, p.3), the authorization for their seizure and subsequent search is contained in the search warrants themselves. *See* Dkt. 240-1, pp.51-52 (cell phone authorization for 45 Willmont Street, which is identical to the cell phone authorization for the Chevy Tahoe).

Jackson's citation to cases which found a lack of connection between the charged crime and use of a cell phone does not help him. In this case, contrary to the cases cited by

the defendant, the evidence supporting the search warrants included numerous wiretap calls from cell phones made by Jackson and his co-conspirators in furtherance of the narcotics conspiracy. As such, there was ample connection between the narcotics crimes under investigation and the use of cell phones to support the judicial authorization to seize and search cell phones. As the government previously noted, the search authorization was appropriately tailored to the narcotics under investigation described in the application. *See* Dkt. 243, pp. 27-28.

## Federal Rules of Criminal Procedure

The defendant's claim regarding compliance with Rule 41 is misplaced because the warrants in this case were not federal search warrants and, therefore, the procedural requirements of the Federal Rules of Criminal Procedure do not apply to them.

## *Franks* claim

While Jackson again broadly asserts "misrepresentations and material omissions of fact" and "unfounded conclusions", his vague assertions do not come close to rising to the level of the "substantial preliminary showing" required to obtain a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Moreover, to the extent that the defendant now seeks a *Franks* hearing to provide him with "an opportunity to supplement [hi]s arguments based on the testimony of law enforcement" (Dkt. 248, at 4), that should be rejected. The purpose of a *Franks* hearing is not for obtaining discovery or learning new information to support a motion to suppress. *See United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003) (denying the discovery requests of a defendant who had failed to meet the threshold showing required by *Franks*, explaining that the defendant "is not entitled to wide-ranging discovery to canvass for evidence in support of his motion to suppress."); *United States v. Koschtschuk*, 2011 WL 1549464, at *1–2 (W.D.N.Y. Apr. 22, 2011) (explaining that defendants may be entitled to discovery of information related to a *Franks* hearing only "upon their threshold showing in support of their claim[ ] ... for a *Franks* hearing"). Moreover, ordering a *Franks* hearing for that reason would thwart the purpose of the 'substantial preliminary showing" a defendant is required to make and lead to a "misuse of [] veracity hearing[s] for purposes of discovery or obstruction." *Franks*, 438 U.S. at 170.

        Respectfully submitted,

        MICHAEL DIGIACOMO
        United States Attorney
        Western District of New York

        ***s/Robert A. Marangola***

BY:   ROBERT A. MARANGOLA
        Assistant United States Attorney

RAM/ams
cc:    Maurice J. Verrillo, Esq. (via ECF)